UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CARLOS HUMBERTO LOJA,                                        Civil Action No.

                        Plaintiff,

   -against-

LET THERE BE BAGELS PW, INC., and
YURIY MURDAKIIAYCHAEV a/k/a YURIY
MUDAKKYCHAV,

                        Defendants.
-------------------------------------------------------------------------X

## COMPLAINT

      Plaintiff, CARLOS HUMBERTO LOJA (hereinafter, "Plaintiff"), as and for his Complaint against Defendants, LET THERE BE BAGELS PW, INC., and YURIY MURDAKIIAYCHAEV a/k/a YURIY MUDAKKYCHAV (hereinafter collectively, "Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

      1.    Plaintiff brings this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and the supporting New York State Department of Labor Regulations of the Official Compilation of Codes, Rules, and Regulations of the State of New York promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (hereinafter, the "Regulations"), including Part 146 of Title 12, to recover unpaid minimum wages, unpaid overtime compensation, unpaid spread of hours compensation, and for other relief.

      2.    Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

1

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff was employed by Defendants as a cook from in or about April 2001 until on or about May 3, 2019 at Defendants' "Let There Be Bagels" delicatessen.

6. According to the New York State Department of State, Division of Corporations, Defendant Let There Be Bagels PW, Inc. (hereinafter, "Let There Be Bagels") is a New York domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, at all relevant times to this action, Defendant Let There Be Bagels owned and operated the "Let There Be Bagels" delicatessen located at 475 Port Washington Boulevard, Port Washington, New York 11050.

8. Upon information and belief, Defendant Yury Murdakiiaychaev a/k/a Yuriy Mudakkychav (hereinafter, "Murdakiiaychaev") is a resident of the State of New York.

9. Upon information and belief, at all relevant times, Defendant Murdakiiaychaev was a shareholder, owner, officer, director, and/or managing agent of Defendant Let There Be Bagels.

10. Upon information and belief, at all relevant times, Defendant Let There Be Bagels was owned, operated, and/or controlled by Defendant Murdakiiaychaev.

11. Upon information and belief, at all relevant times, Defendant Murdakiiaychaev exercised operational control over Defendant Let There Be Bagels, controlled significant business

functions of Defendant Let There Be Bagels, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Let There Be Bagels in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

12. Upon information and belief, at all relevant times, Defendant Murdakiiaychaev participated in running the daily operations of Defendant Let There Be Bagels.

13. Upon information and belief, at all relevant times, Defendant Murdakiiaychaev participated in the management and supervision of the employees at Defendants' "Let There Be Bagels" delicatessen.

14. Defendants had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

15. Defendants maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

16. Defendants Let There Be Bagels and Murdakiiaychaev are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

17. At all times relevant to this action, Plaintiff was employed as a cook for the benefit of and at the direction of Defendants at their "Let There Be Bagels" delicatessen.

18. During Plaintiff's employment, his primary duties included cooking and preparing food.

19. From in or about April 2001 until on or about May 3, 2019, Plaintiff worked at Defendants' "Let There Be Bagels" delicatessen located at 475 Port Washington Boulevard, Port Washington, New York 11050.

20. Throughout the relevant time period of his employment, Plaintiff was required to clock-in at the beginning of his shifts and to clock-out at the end of his shifts.

21. Upon information and belief, Defendants are in possession of Plaintiff's time records for the hours that Plaintiff worked each day and week.

### March 6, 2014 Through May 31, 2016

22. From on or about March 6, 2014 to on or about May 31, 2016, Plaintiff worked for Defendants six (6) days per week with only Sunday off. Each shift, Plaintiff generally worked from about 7:00 a.m. until about 6:00 p.m.

23. From on or about March 6, 2014 to on or about May 31, 2016, Plaintiff was not given and did not take uninterrupted meal breaks of more than fifteen (15) minutes during his shifts.

24. From on or about March 6, 2014 to on or about May 31, 2016, Plaintiff generally worked sixty-six (66) hours per week.

25. From on or about March 6, 2014 to on or about May 31, 2016, Defendants paid Plaintiff a weekly rate of pay.

26. From on or about March 6, 2014 to on or about May 31, 2016, Defendants did not pay Plaintiff overtime compensation for any of the hours that he worked in excess of forty (40) hours per week.

27. From on or about March 6, 2014 to on or about May 31, 2016, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for any of the hours that he worked in excess of forty (40) hours per week.

28. From on or about March 6, 2014 to on or about May 31, 2016, Plaintiff regularly worked more than ten hours per day.

29. Despite regularly working more than ten hours per day, Defendants did not pay Plaintiff spread of hours compensation at a rate of one extra hour of pay at the statutory minimum wage rate for each day in which he worked in excess of ten hours.

<strong><u>June 1, 2016 Through August 28, 2017</u></strong>

30. From on or about June 1, 2016 to on or about August 28, 2017, Plaintiff worked for Defendants six (6) days per week with only Sunday off. Each shift, Plaintiff generally worked from about 7:00 a.m. until about 6:00 p.m.

31. From on or about June 1, 2016 to on or about August 28, 2017, Plaintiff was given one half hour break during each of his shifts.

32. From on or about June 1, 2016 to on or about August 28, 2017, Plaintiff generally worked sixty-three (63) hours per week.

33. From on or about June 1, 2016 to on or about August 28, 2017, Defendants paid Plaintiff a weekly rate of pay.

34. From on or about June 1, 2016 to on or about August 28, 2017, Defendants did not pay Plaintiff overtime compensation for any of the hours that he worked in excess of forty (40) hours per week.

35. From on or about June 1, 2016 to on or about August 28, 2017, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for any of the hours that he worked in excess of forty (40) hours per week.

36. From on or about June 1, 2016 to on or about August 28, 2017, Plaintiff regularly worked more than ten hours per day.

37. Despite regularly working more than ten hours per day, Defendants did not pay Plaintiff spread of hours compensation at a rate of one extra hour of pay at the statutory minimum wage rate for each day in which he worked in excess of ten hours.

38. From on or about June 1, 2016 to on or about August 28, 2017, Defendants improperly and without authorization deducted money from Plaintiff's wages each week for meals that Plaintiff either did not eat or that did not qualify under the law for this deduction.

39. From on or about June 1, 2016 to on or about August 28, 2017, Defendants improperly deducted money from Plaintiff's wages each week for meals for a greater amount than the maximum allowable rate under the law.

**August 29, 2017 Through December 30, 2018**

40. From on or about August 29, 2017 to on or about December 30, 2018, Plaintiff worked for Defendants six (6) days per week with only Sunday off.

41. During this time period, Plaintiff generally worked Monday from about 7:00 a.m. to about 6:00 p.m. and Tuesday through Saturday from about 7:00 a.m. to about 1:00 p.m.

42. From on or about August 29, 2017 to on or about December 30, 2018, Plaintiff was given one half hour break during each of his shifts.

43. From on or about August 29, 2017 to on or about December 30, 2018, Plaintiff generally worked thirty-eight (38) hours per week.

44. From on or about August 29, 2017 to on or about December 30, 2018, Defendants paid Plaintiff a weekly rate of pay.

45. From on or about August 29, 2017 to on or about December 30, 2018, Plaintiff regularly worked more than ten hours per day.

46. Despite regularly working more than ten hours per day, Defendants did not pay Plaintiff spread of hours compensation at a rate of one extra hour of pay at the statutory minimum wage rate for each day in which he worked in excess of ten hours.

47. From on or about August 29, 2017 to on or about December 30, 2018, Defendants improperly and without authorization deducted money from Plaintiff's wages each week for meals that Plaintiff either did not eat or that did not qualify under the law for this deduction.

48. From on or about August 29, 2017 to on or about December 30, 2018, Defendants improperly deducted money from Plaintiff's wages each week for meals for a greater amount than the maximum allowable rate under the law.

**December 31, 2018 Through April 21, 2019**

49. From on or about December 31, 2018 to on or about April 21, 2019, Plaintiff worked for Defendants six (6) days per week with only Sunday off.

50. During this time period, Plaintiff generally worked Monday from about 7:00 a.m. to about 6:00 p.m. and Tuesday through Saturday from about 7:00 a.m. to about 1:00 p.m.

51. From on or about December 31, 2018 to on or about April 21, 2019, Plaintiff was given one half hour break during each of his shifts.

52. From on or about December 31, 2018 to on or about April 21, 2019, Plaintiff generally worked thirty-eight (38) hours per week.

53.     From on or about December 31, 2018 to on or about April 21, 2019, Defendants paid Plaintiff a weekly rate of pay of $446 per week (before deductions).

54.     From on or about December 31, 2018 to on or about April 21, 2019, Defendants did not pay Plaintiff at the proper New York State minimum wage rate for any of the hours that he worked for Defendants each week.

55.     From on or about December 31, 2018 to on or about April 21, 2019, Plaintiff regularly worked more than ten hours per day.

56.     Despite regularly working more than ten hours per day, Defendants did not pay Plaintiff spread of hours compensation at a rate of one extra hour of pay at the statutory minimum wage rate for each day in which he worked in excess of ten hours.

57.     From on or about December 31, 2018 to on or about April 21, 2019, Defendants improperly and without authorization deducted money from Plaintiff's wages each week for meals that Plaintiff either did not eat or that did not qualify under the law for this deduction.

58.     From on or about December 31, 2018 to on or about April 21, 2019, Defendants improperly deducted money from Plaintiff's wages each week for meals for a greater amount than the maximum allowable rate under the law.

### April 22, 2019 Through May 3, 2019

59.     From on or about April 22, 2019 to on or about May 3, 2019, Plaintiff worked for Defendants six (6) days per week with only Sunday off.

60.     During this time period, Plaintiff generally worked Monday from about 7:00 a.m. to about 6:00 p.m. and Tuesday through Saturday from about 7:00 a.m. to about 1:00 p.m.

61.     From on or about April 22, 2019 to on or about May 3, 2019, Plaintiff was given one half hour break during each of his shifts.

62. From on or about April 22, 2019 to on or about May 3, 2019, Plaintiff generally worked thirty-eight (38) hours per week.

63. From on or about April 22, 2019 to on or about May 3, 2019, Defendants did not pay Plaintiff any wages for the hours that he worked.

64. From on or about April 22, 2019 to on or about May 3, 2019, Defendants did not compensate Plaintiff at the proper New York State minimum wage rate or at any other rate of pay for the hours that he worked for Defendants each week.

### **Generally**

65. Throughout the relevant period of his employment, Defendants compensated Plaintiff in cash on a weekly basis.

66. Defendants did not provide Plaintiff with complete and accurate earnings statements, pay stubs, cash receipts, or any other wage statement along with his weekly earnings, as required by the NYLL.

67. Defendant Murdakiiaychaev participated in the decision to hire and fire employees at Defendants' "Let There Be Bagels" delicatessen and specifically decided to continue Plaintiff's employment when he bought the deli from its former owner.

68. Defendant Murdakiiaychaev set Plaintiff's work schedules during the relevant period of his employment.

69. Defendant Murdakiiaychaev decided the hours that Plaintiff worked at Defendants' "Let There Be Bagels" delicatessen during the relevant period of his employment.

70. Defendant Murdakiiaychaev decided the manner in which Plaintiff was paid during the relevant period of his employment.

71. Defendant Murdakiiaychaev supervised Plaintiff's work during the relevant period of his employment.

72. Defendant Murdakiiaychaev decided the job duties that Plaintiff performed on a daily basis during the relevant period of his employment.

73. Defendant Murdakiiaychaev participated in running the day-to-day operations of Defendant Let There Be Bagels during the relevant period of Plaintiff's employment.

74. Defendants managed Plaintiff's employment, including the number of hours worked and the amount of wages paid.

75. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

76. Defendants were aware of Plaintiff's work hours but failed to pay him the minimum wage to which he was entitled during certain periods of his employment.

77. Defendants were aware of Plaintiff's work hours but failed to pay him the full amount of overtime compensation to which he was entitled for this work time under the law.

78. Defendants were aware of Plaintiff's work hours but failed to pay him spread of hours compensation to which he was entitled under the law.

79. Defendants were aware that Plaintiff did not eat a meal that qualified for a deduction under the law but deducted a meal allowance from his wages.

80. Defendants were aware of the maximum allowable meal deduction but deducted a greater amount for each of Plaintiff's meals.

81. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

82. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

83. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

84. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Let There Be Bagels was and continues to be an enterprise engaged in commerce or in the production of goods for commerce.

85. At all times relevant to this Complaint, Defendant Let There Be Bagels had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled food items and other kitchen equipment that originated outside of the State of New York.

86. Upon information and belief, the gross annual volume of sales made or business done by Defendant Let There Be Bagels for the years 2017, 2018, and 2019 was not less than $500,000.00.

87. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

88. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

89. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA during the period of Plaintiff's employment from on or about March 6, 2014 to on or about August 28, 2017.

90. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

91. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

92. Defendants have acted willfully and either knew that their conduct violated the FLSA or showed reckless disregard for the matter of whether their conduct violated the FLSA.

93. Defendants have not acted in good faith with respect to the conduct alleged herein.

94. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

95. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

96. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

97. At all times relevant to this Action, Defendants were "employers" of Plaintiff within the meaning of the NYLL and the supporting Regulations pertaining thereto.

98. At all times relevant to this Action, Defendant Let There Be Bagels was a restaurant as defined by the regulations pertaining to the NYLL.

99. At all times relevant to this Action, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

100. At all times relevant to this Action, Plaintiff was an "employee" in the hospitality industry as defined by the regulations pertaining to the NYLL.

101. At all times relevant to this Action, Defendants employed Plaintiff, suffering or permitting him to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

102. The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiff.

103. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

104. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the NYLL and the Regulations pertaining thereto.

105. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours per week during Plaintiff's employment.

106. Plaintiff was not exempt from the overtime provisions of the NYLL, because he did not meet the requirements for any of the reduced number of exemptions available thereunder.

107. Defendants acted willfully and either knew that their conduct violated the NYLL or showed a reckless disregard for the matter of whether their conduct violated the NYLL.

108. Defendants have not acted in good faith with respect to the conduct alleged herein.

109. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 19
## FAILURE TO PAY MINIMUM WAGES

110. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

111. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

112. During the period of Plaintiff's employment from on or about December 31, 2018 to on or about May 3, 2019, Defendants willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

113. As a result of Defendant's unlawful practices, Plaintiff suffered a loss of wages.

114. As a result of Defendant's violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY SPREAD OF HOURS COMPENSATION

115. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

116. In violation of the NYLL and the Regulations pertaining thereto, Defendants failed to pay Plaintiff an additional hour of pay when the spread of hours between the beginning and end of Plaintiff's workday exceeded ten (10) hours.

117. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

118. As a result of Defendants' violation of the NYLL and the Regulations pertaining thereto, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT V
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO PAY MINIMUM WAGES

119. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

120. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

121. Defendant Let There Be Bagels were and are subject to the minimum wage requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

122. At all times relevant to this Complaint, Defendant Let There Be Bagels had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled food items and other kitchen equipment that originated outside of the State of New York.

123. Upon information and belief, the gross annual volume of sales made or business done by Defendant Let There Be Bagels for the years 2017, 2018, and 2019 was not less than $500,000.00.

124. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

125. During the period of Plaintiff's employment from on or about April 22, 2019 to on or about May 3, 2019, Defendants suffered and permitted Plaintiff to work numerous hours without paying him any of the wages to which he was entitled.

126. As a result, during this period of Plaintiff's employment, Defendants failed to play Plaintiff the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

127. As a result of Defendant's unlawful practices, Plaintiff suffered a loss of wages.

128. As a result of Defendant's violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT VI
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6
## FAILURE TO PAY WAGES

129. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

130. During the period of Plaintiff's employment from on or about April 22, 2019 to on or about May 3, 2019, Defendants suffered and permitted Plaintiff to work numerous hours without paying him any of the wages to which he was entitled.

131. Defendants' failure to pay Plaintiff the wages that he earned constitute outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

132. Defendants have acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

133. Defendants have not acted in good faith with respect to the conduct alleged herein.

134. As a result of Defendants' violations of the NYLL and the Regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, CPLR interest, attorneys' fees, and costs of litigation.

## COUNT VII
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6
## ILLEGAL DEDUCTIONS

135. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

136. Throughout Plaintiff's employment, Plaintiff did not eat Defendants' food in the quantity and manner which is required to qualify for a permissible deduction of wages.

137. Despite not qualifying for a meal allowance, for the period of on or about June 1, 2016 to on or about April 21, 2019, Defendants deducted a meal allowance from Plaintiff's daily and weekly wages.

138. Moreover, Defendants deducted Plaintiff's meal allowance at a rate greater than the maximum permissible under the law for each meal.

139. As alleged herein, during the period of on or about June 1, 2016 to on or about April 21, 2019, Defendants improperly, illegally, and without Plaintiff's written authorization deducted at least one meal allowance from Plaintiff's weekly wages for each shift that Plaintiff worked per week in violation of NYLL Section 193.

140. Defendants have acted willfully and either knew that their conduct violated the NYLL or showed reckless disregard for the matter of whether their conduct violated the NYLL.

141. Defendants have not acted in good faith with respect to the conduct alleged herein.

142. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT VIII
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6, SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

143. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

144. Defendants willfully failed to provide Plaintiff with complete and accurate wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

145. Through their knowing and intentional failure to provide Plaintiff with complete and accurate wage statements, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

146. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime compensation and minimum wages to Plaintiff;

2. Willfully violated the provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime, minimum wage, spread of hours compensation, and regular wages to Plaintiff;

4. Violated the provisions of the NYLL by illegally deducted meal allowances from Plaintiff's wages;

5. Willfully violated the applicable provisions of the NYLL;

6. Violated the provisions of the NYLL by failing to provide wage statements to Plaintiff;

B. Award compensatory damages, including all overtime, minimum wages, spread of hours compensation, and regular wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime, spread of hours compensation, and regular wages due accruing from the date such amounts were due;

F. Award all costs, disbursements, and attorney's fees incurred in prosecuting this action; and,

    G.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       March 6, 2020

                                                          _____
                                                          Neil H. Greenberg, Esq.
                                                          Neil H. Greenberg & Associates, P.C.
                                                          *Attorneys for the Plaintiff*
                                                          4242 Merrick Road
                                                          Massapequa, New York 11758
                                                          Tel: 516.228.5100
                                                          nhglaw@nhglaw.com