# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

July 17, 2020

**VIA ECF**
Hon. Denis R. Hurley, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-4438

      *Re:*    **Loja v. Let There Be Bagels PW, Inc.**, *et ano*.
            **Case No.: 2:20-cv-1252 (DRH) (ARL)**

Dear Judge Hurley:

      This office represents the Defendants in the above-referenced case. Defendants write pursuant to ¶¶ 3(A)(ii) & 3(B) of this Court's Individual Practice Rules to respectfully request a pre-motion conference in anticipation of Defendants' motion to dismiss the complaint based on the doctrine of election of remedies. The basis for Defendants' anticipated motion follows.

**The Election of Remedies Doctrine Requires Dismissal of Plaintiff's Complaint**

      The election of remedies doctrine "bars the pursuit of alternative relief after a party has 'chosen one of two or more co-existing inconsistent remedies, and in reliance upon that election, that party must also have gained an advantage, or the opposing party must have suffered some detriment.'" See Prudential Oil Corp. v. Phillips Petroleum Co., 418 F. Supp. 254, 257 (S.D.N.Y. 1975) (citing cases); accord, Sofi Classic S.A. de C.V. v. Hurowitz, 444 F. Supp. 2d 231, 238; 331 East 14th St. LLC v. 331 East Corp., 293 A.D.2d 361, 361, 740 N.Y.S.2d 327, 327 (1st Dept. 2002).

      In this case, Plaintiff pleads causes of action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for alleged unpaid overtime wages, minimum wages, spread of hours compensation, illegal deductions, and for recordkeeping violations. However, Plaintiff has already elected to pursue his remedies with the New York State Department of Labor ("NYSDOL") and is currently embroiled with Defendants a continued hearing before the New York State Industrial Board of Appeals ("NYSIBA") concerning the validity and reasonableness of the NYSDOL's "Order to Comply" for wages purported to be due and owing pursuant to an investigation conducted by the NYSDOL on behalf of, *inter alia*, the Plaintiff. See copy of Plaintiff's employee statement annexed hereto as **Exhibit "A."**

      Indeed, the parties in this case appeared before Hearing Officer Matthew Robinson-Loffler on September 23, 24, and 25 in 2019 for three (3) days of hearing in the NYSIBA matter which has been continued. See copy of relevant portions of hearing transcript stating that the hearing has been continued annexed hereto as **Exhibit "B."**

In that regard, Plaintiff has already chosen a co-existing inconsistent remedy and has relied upon that election, gaining the advantage of discovery in that proceeding and of an Order to Comply in the underlying investigation by the NYSDOL, and Defendants have suffered detriment in defending themselves in these proceedings and having an Order to Comply issued against them, which has the full force and effect of a judgment pursuant to the NYLL.  See NYLL § 219(3).

Moreover, courts have previously dismissed FLSA claims on the grounds that a plaintiff has elected his remedy.  See Simmons v Trans Express Inc., 355 F Supp 3d 165, 172 (E.D.N.Y. 2019) (Vitaliano, J.) (holding that "the question is not whether [the plaintiff] did or did not advance all of her claims in the small claims proceeding [she had filed earlier]. The question is whether she could have. Plaintiff offers no reason why, and the Court is aware of none, other than her own election of remedies, she could not have done so" in dismissing her claims under the FLSA).

Based on the foregoing, and in light of the evidence that Plaintiff has already elected a remedy for his claims, this lawsuit must be dismissed as the hearing before the NYSIBA will determine the outcome of his claim for wages.  Defendants thank this Court for its time and attention to this case.

Dated: Lake Success, New York
      July 17, 2020                                  Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**
_____/s_____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

**VIA ECF**
Hon. Arlene R. Lindsay, U.S.M.J.
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, NY 11722-4451

**VIA ECF**
Neil H. Greenberg & Associates, P.C.
Attn: Melanie J. Lazarus, Esq.
4242 Merrick Road
Massapequa, NY 11758-6016
(516) 228-5100 (office)
(516) 228-5106 (facsimile)
melanie@nhglaw.com

Case 2:20-cv-01252-DRH-ARL   Document 12   Filed 07/17/20   Page 3 of 3 PageID #: 62